**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 16, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
————————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DEON MCELRATHBEY,

    Defendant - Appellant.

No. 20-1190
(D.C. No. 1:18-CR-00501-RBJ-3)
(D. Colo.)

————————————————————

**ORDER AND JUDGMENT**[*]
————————————————————

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.
————————————————————

Deon McElrathbey pled guilty to assault with a dangerous weapon and aiding

and abetting, in violation of 18 U.S.C. §§ 113(a)(3) and 2. The district court

sentenced him to 54 months' imprisonment. Although his plea agreement contained

a broad waiver of his appellate rights, he seeks to challenge his sentence through this

appeal. The government has moved to enforce the appeal waiver in the plea

agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc)

(per curiam).

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The government asserts that all of the *Hahn* conditions have been satisfied: (1) McElrathbey's appeal is within the scope of the appeal waiver because his sentence was within the range contemplated by the plea agreement; (2) he knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice. In response to the government's motion, McElrathbey, through counsel, states that he "does not oppose" the motion and "understands that [his] response in non-opposition to the [motion] will result in dismissal of his appeal by this [c]ourt, and consents to the same." Resp. at 1.

Based on this concession and our independent review of the record, we grant the government's motion and dismiss the appeal. We do so, however, without prejudice to McElrathbey's right to pursue post-conviction relief on the grounds permitted in his plea agreement.

Entered for the Court
Per Curiam

2